# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE COLUMBIA DIVISION

| | |
|---|---|
| **HUMAN RIGHTS DEFENSE CENTER**, *Plaintiff*, v. **MARSHALL COUNTY, TENNESSEE**, **BILLY LAMB**, Sheriff of Marshall County, Tennessee, in his official and individual capacities; **SABRINA PATTERSON**, Jail Administrator, in her official and individual capacities, and **DOES 1-10**. *Defendants*. | Case No.: JURY DEMAND |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR DAMAGES

### I. INTRODUCTION

1. Plaintiff, Human Rights Defense Center ("HRDC" or "Plaintiff") brings this action to enjoin Defendants' censorship of mail sent from Plaintiff and other publishers to prisoners at the Marshall County Jail (the "Jail"), in violation of the First and Fourteenth Amendments of the United States Constitution. Defendants have adopted and implemented mail policies prohibiting delivery of written speech from Plaintiff and other speakers, and failed to provide due process notice of and an opportunity to challenge the censorship as required under the Constitution.

### II. JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

3. Venue is proper under 28 U.S.C. § 1391(b). At least one Defendant resides within this judicial district, and the events giving rise to the claims asserted herein all occurred within this judicial district.

4. HRDC's claims for relief are brought pursuant to 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured by the First and Fourteenth Amendments to the Constitution and laws of the United States.

5. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and the Court also has jurisdiction to award damages against all Defendants.

6. HRDC's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

### III. Parties

7. The Human Rights Defense Center is a not–for–profit charitable organization recognized under §501(c)(3) of the Internal Revenue Code, incorporated in the state of Washington and with principal offices in Lake Worth, Florida. The purpose of HRDC is to educate prisoners and the public about the destructive nature of racism, sexism, and the economic and social costs of prisons to society. HRDC accomplishes its mission through advocacy, litigation, and publication and/or distribution of books, magazines and other information concerning prisons and prisoner rights.

8. Defendant Marshall County, Tennessee is a unit of government organized and existing under the laws of the State of Tennessee. Defendant Marshall County operates the Jail, and is and

was responsible for adopting and implementing mail policies governing incoming mail for prisoners at that facility.

9. Defendant Billy Lamb is the Sheriff of Marshall County, Tennessee. Defendant Lamb is employed by and is an agent of Defendant Marshall County. Defendant Lamb has ultimate responsibility for the promulgation and enforcement of all Jail staff policies and procedures and is responsible for the overall management of the Jail, to include processing of mail. He is sued in his individual and official capacities.

10. Defendant Sabrina Patterson is the administrator of the Jail. Defendant Patterson is employed by and is an agent of Defendants Marshall County and Billy Lamb. She is responsible for overseeing the management and operations of the Jail, and for the hiring, screening, training, retention, supervision, discipline, counseling, and control of the personnel of the Jail who interpret and apply the mail policy for prisoners. She is sued in her individual and official capacities.

11. The true names and identities of Defendants DOES 1 through 10 are presently unknown to HRDC. Each of Defendants DOES 1 through 10 are or were employed by and are or were agents of Defendants when some or all of the challenged inmate mail policies and practices were adopted and/or implemented. Each of Defendants DOES 1 through 10 were personally involved in the adoption and/or implementation of the mail policies at the Jail, and/or were responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and/or control of the Jail staff who interpret and implement these mail policies. HRDC will seek to amend this Complaint as soon as the true names and identities of Defendants DOES 1 through 10 have been ascertained.

12. At all times material to this action, the actions of all Defendants as alleged herein were taken under the authority and color of state law.

13. At all times material to this action, all Defendants were acting within the course and scope of their employment as agents and/or employees of Defendant Marshall County, Tennessee.

## IV. FACTUAL ALLEGATIONS

### A. HRDC's mission and outreach to the Jail

14. For more than 28 years, the focus of HRDC's mission has been public education, advocacy and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights. HRDC's mission, if realized, has a salutary effect on public safety.

15. To accomplish its mission, HRDC publishes and distributes books, magazines, and other information containing news and analysis about prisons, jails and other detention facilities, prisoners' rights, court rulings, management of prison facilities, prison conditions and other matters pertaining to the rights and/or interests of incarcerated individuals.

16. HRDC publishes and distributes an award-winning, 72-page monthly magazine titled *Prison Legal News: Dedicated to Protecting Human Rights*, which contains news and analysis about prisons, jails, and other detention facilities, prisoners' rights, court opinions, management of prison facilities, prison conditions, and other matters pertaining to the rights and/or interests of incarcerated individuals.

17. More recently, HRDC also began publishing a second monthly magazine, *Criminal Legal News*. This magazine focuses on review and analysis of individual rights, court rulings, and news concerning criminal justice-related issues.

18. HRDC has thousands of subscribers to its monthly magazines in the United States and abroad, including prisoners, attorneys, journalists, public libraries, judges, and members of the general public. HRDC distributes *Prison Legal News* and *Criminal Legal News* to prisoners in correctional facilities across the United States, including death row units and institutions within the Federal Bureau of Prisons, such as the federal Administrative Maximum Facility ("ADX" or "Supermax") at Florence, Colorado - the most secure prison in the United States. *Prison Legal*

*News* and *Criminal Legal News* are distributed to prisons and jails within the correctional systems of all 50 states, including to hundreds of prisoners housed in facilities in the State of Tennessee.

19. Accordingly, HRDC engages in core protected speech and expressive conduct on matters of public concern, such as the operation of prison facilities, prison conditions, prisoner health and safety, and prisoners' rights. HRDC's publications, as described above, contain political speech and social commentary, which are core First Amendment rights and are entitled to the highest protection afforded by the United States Constitution.

20. The Jail is a full-service detention facility, and confines a number of prisoners who have been prohibited receipt of HRDC's communications and publications. A substantial number of the prisoners held at this facility have yet to stand trial or be sentenced for a crime.

### B. Defendants' Unconstitutional Mail Policies and Practices

21. Defendants have censored the following materials sent by Plaintiff to prisoners held in the Jail: (1) monthly issues of *Prison Legal News*; (2) sample issues of *Prison Legal News,* and (3) monthly issues of *Criminal Legal News*. Defendants refused to deliver said items to the intended prisoner-recipients, and, in many instances, returned items to Plaintiff's office via the "Return To Sender" service of the United States Postal Service. Defendants continue to censor the items listed above.

22. Altogether, since March 2018, Plaintiff can identify at least one hundred (100) items of mail sent by HRDC to prisoners held in the Jail which were censored by Defendants. This includes forty-four (44) monthly issues of *Prison Legal News,* ten (10) sample issue of *Prison Legal News*, and forty-six (46) monthly issues of *Criminal Legal News*. Most of these items were returned to HRDC with no explanation; some sample issues of *Prison Legal News* was returned to HRDC with the handwritten notation: "No Staples Allowed".

23. On information and belief, a substantial portion of other magazines and communications mailed by HRDC to individual prisoners held in the Jail were also censored by the Defendants.

24. Such restrictions on written speech sent to prisoners at the Jail are not rationally related to any legitimate penological interest and violate HRDC's First Amendment right to communicate its speech with prisoners.

25. In all of the above instances of censorship of HRDC's communications, Defendants failed to provide any notice to HRDC of their rejection of its mail, violating the Fourteenth Amendment rights of the Plaintiff.

26. Defendants further failed to provide an opportunity for HRDC to challenge the censorship of its mail, in violation of HRDC's Fourteenth Amendment rights.

27. Defendants' policies, practices, and customs are unconstitutional both facially and as applied to HRDC.

28. Plaintiff will continue to mail its magazines to subscribers, customers, and other individuals imprisoned at the Jail, but seeks the protection of this Court to ensure that the materials are delivered and, if not, that due process is afforded to the Plaintiff so it may challenge the basis for any censorship.

### C. Defendants' Unconstitutional Mail Policies and Practices are Causing HRDC Ongoing Harm

29. Due to Defendants' actions described above, HRDC has suffered damages, and will continue to suffer damages, including, but not limited to: the violation of the HRDC's constitutional rights; the impediment of HRDC's ability to disseminate its political message; frustration of HRDC's non–profit organizational mission; diversion of resources; loss of potential subscribers and customers; an inability to recruit new subscribers and supporters; the loss of reputation; and the costs of printing, handling, mailing, and staff time.

30. Defendants' actions and inactions were and are motivated by ill motive and intent, and were and are all committed under color of law and with reckless indifference to HRDC's rights.

31. Defendants and their agents are responsible for or personally participated in creating and implementing these unconstitutional policies, practices, and customs, or for ratifying or adopting them. Further, Defendants are responsible for training and supervising the staff persons whose conduct has injured and continues to injure HRDC.

32. Defendants' unconstitutional policy, practices, and customs are ongoing, continue to violate HRDC's rights, and are the moving force behind the constitutional violations. Defendants' unconstitutional policy, practices, and customs will continue unless enjoined. As such, HRDC has no adequate remedy at law.

33. HRDC is entitled to injunctive relief prohibiting Defendants from refusing to deliver its monthly magazines *Prison Legal News* and *Criminal Legal News* without any legal justification, and prohibiting Defendants from censoring mail without due process of law.

## IV. CLAIMS

### Count I – 42 U.S.C. § 1983
*Violation of the First Amendment (Censorship)*

34. HRDC re-alleges and incorporates the allegations of Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. The acts described above constitute violations of HRDC's rights, the rights of other publishers who have attempted to or intend to communicate with prisoners at the Jail, under the First Amendment to the United States Constitution.

36. HRDC has a constitutionally protected liberty interest in communicating with incarcerated individuals, a right clearly established under existing case law.

37. The conduct of Defendants was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

38. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

39. Defendants' acts described above have caused damages to HRDC, and if not enjoined, will continue to cause damage to HRDC.

40. HRDC seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. HRDC seeks punitive damages against the individual Defendants in their individual capacities.

### Count II – 42 U.S.C. § 1983
*Violation of Fourteenth Amendment (Due Process)*

41. HRDC re-alleges and incorporates the allegations of Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. The acts described above constitute violations of HRDC's rights and the rights of other publishers who have attempted to or who intend to communicate with prisoners at the Jail under the Fourteenth Amendment to the United States Constitution.

43. Because HRDC and others outside the Jail have a liberty interest in communicating with prisoners, HRDC and other senders have a right under the Due Process Clause of the Fourteenth Amendment to receive notice of and an opportunity to appeal Defendants' decisions to censor their written speech.

44. Defendants' policy and practice fail to provide HRDC and other senders with adequate notice and an opportunity to be heard.

45. The conduct of Defendants was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

46. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which are and were the moving force of the violations.

47. Defendants' acts described above have caused damages to HRDC, and if not enjoined, will continue to cause damage to HRDC.

48. HRDC seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. HRDC seeks punitive damages against the individual Defendants in their individual capacities.

## V. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

1. A declaration that Defendants' policies and practices violate the Constitution.

2. A preliminary and permanent injunction preventing Defendants from continuing to violate the Constitution, and providing other equitable relief.

3. Nominal damages for each violation of HRDC's rights by the Defendants.

4. Compensatory damages in an amount to be proved at trial.

5. Punitive damages against the individual Defendants in an amount to be proved at trial.

6. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law.

7. Any other such relief that this Court deems just and equitable.

## VI. JURY DEMAND

Plaintiff, Human Rights Defense Center, by and through its attorneys, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

/s/ Gautam Hans
Gautam S. Hans, Mich. State. Bar No. P81537
gautam.hans@vanderbilt.edu
Vanderbilt Law School First Amendment Clinic
131 21st Ave South
Nashville, TN 37203-1181
Telephone: (615) 343-2213

Bruce E.H. Johnson, Wa. Bar No. 7667*
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 220
Seattle, WA 98101
Telephone: (206) 757-8069
Facsimile: (206) 757-7069
brucejohnson@dwt.com

Sabarish Neelakanta, Fla. Bar No.: 26623*
sneelakanta@hrdc-law.org
Masimba M. Mutamba, Fla. Bar No.: 102772*
mmutamba@hrdc-law.org
Daniel Marshall, Fla. Bar No.: 617210*
dmarshall@hrdc-law.org
Human Rights Defense Center
P.O. Box 1151
Lake Worth, FL 33460
Telephone: (561) 360-2523
Facsimile: (866) 735-7136

* *Pro hac vice applications to be filed*