IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **HUMAN RIGHTS DEFENSE CENTER**<br>*Plaintiff,*<br><br>v.<br><br>**MARSHALL COUNTY, TENNESSEE**,<br>**BILLY LAMB**, Sheriff of Marshall County Tennessee, in his official and individual capacities; **SABRINA PATTERSON**, Jail Administrator, in her official and individual capacities, and **DOES 1-10**<br><br>*Defendants.* | No. 1:19-cv-00031<br><br>**District Judge Campbell**<br>**Magistrate Judge Holmes** |

## STIPULATED PRELIMINARY INJUNCTION

THIS STIPULATED PRELIMINARY INJUNCTION (hereinafter referred to as the "Stipulation") is made and entered into as of the date this Stipulation is signed, by and among Marshall County, Tennessee, on behalf of itself and all of its officers, directors, employees, former employees, agents, predecessors, divisions, successors, administrators, and assigns, including but not limited to Billy Lamb and Sabrina Patterson (collectively referred to as "Defendants"), and the Human Rights Defense Center ("HRDC"), on behalf of itself and all of its officers, directors, employees, former employees, agents, predecessors, divisions, successors, administrators, and assigns. Defendants and HRDC collectively are the parties. The stipulations and recitals of this agreement are agreed for purposes of the stipulated preliminary injunction only. As evidenced by the signatures below, the parties have agreed to terms for the handling of mail coming into the jail from the Plaintiff during the pendency of this litigation.

## Injunctive terms

1. The Defendants agree that they will not reject publications[1] sent by Plaintiff to prisoners within the Jail solely because the publications contain staples. The Parties agree that if Defendants determine that the staples binding any publication pose a security risk, Defendants may remove those staples before the publication is delivered to the prisoner.

2. The Parties agree that all incoming publications will be reviewed on a case-by-case basis for a determination of suitability within the parameters of institutional safety and security. In the event that a prisoner is not in custody at the time a publication is received by the Jail, it shall be returned to the sender notifying them that the prisoner is not located at the Jail.

3. In the event that a prisoner is in custody at the Jail at the time a publication is received, and a decision is made to not deliver the publication, or a portion thereof, for any reason, then Jail personnel shall send notice to the sender within three (3) business days of making the rejection decision explaining why the publication was rejected. The notice shall include sufficient detail to reasonably alert the publisher as to the Jail's reason for rejection and shall identify the portion(s) found to be objectionable if less than the whole publication is faulted. The notice shall also inform the sender of their right to appeal the decision, and include the name and address of the person to whom such appeals should be addressed and the date by which appeals must be submitted. The sender shall have fifteen (15) days from the date of receipt of the notice of rejection to file any appeal. The intended prisoner-recipient of the publication shall also receive notification of the mail rejection. The Jail shall retain the undelivered publication for a period of thirty (30) days from the date of rejection in order to allow the sender and/or prisoner time to file an appeal. The Jail shall not return any rejected publication to the sender during the pendency of any appeal.

---

[1] A copy of the publications mailed by Plaintiff to prisoners is attached as Exhibit A herein.

4. Defendants shall promptly deliver to its intended recipient any remaining portion(s) of a publication <u>not</u> rejected or subjected to the process outlined in Paragraph 3, above.

5. The Parties agree that Defendants Billy Lamb and Sabrina Patterson, and their agents, assigns, employees, deputies and successors, will establish, implement and enforce policies and procedures that will fully effectuate the terms of this agreement.

6. It is further agreed that within twenty (20) days of the date of entry of this Stipulation, Defendants shall file with the Court notice that they have complied with the terms of this Stipulation and that all mailroom staff or other personnel responsible for handling of the mail have been duly informed and apprised of the terms therein.

7. In light of the agreement of the Parties, the Court exercises its discretion to waive the security required by Rule 65(c).


Dated: July 23, 2019

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE